## POLICE JURY OF RICHLAND PARISH v. CALDWELL & CO.

Circuit Court of Appeals, Fifth Circuit.
May 7, 1928.

No. 5134.

1. Estoppel ⊜═62(3)—Parish held estopped from recovering unearned interest on road bonds after contract for sale and purchase had been completely and fully performed.

Where contract for sale and purchase of district road bonds of parish has been fully and completely performed, and parish has received benefits of contract, and does not offer to return proceeds of bonds it has received, *held*, that parish is estopped from suing to recover unearned interest by reason of noninterest-bearing time certificates of deposit having been issued to parish.

2. Estoppel ⊜═62(1)—In Louisiana, estoppel applies to state and its subdivisions, to full extent that it does to individuals.

In Louisiana, the doctrine of estoppel applies to the state and its subdivisions, to the full extent that it does to individuals.

In Error to the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Suit by the Police Jury of Richland Parish against Caldwell & Co. Judgment for defendant, and plaintiff brings error. Affirmed.

J. Fair Hardin, of Shreveport, La., and George Wesley Smith, of Rayville, La. (C. J. Ellis, of Rayville, La., on the brief), for appellant.

Benjamin F. Roberts, of Shreveport, La., W. E. Norvell, Jr., of Nashville, Tenn., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. In 1920 the police jury of Richland parish, Louisiana, advertised for sale district road bonds of that parish aggregating $975,000, to bear interest, payable semiannually, at 5 per cent. per annum. After two unsuccessful efforts to make a sale, the bonds were bid in at par and accrued interest by Caldwell & Co., under an agreement which provided that the entire issue should not be paid for in cash upon delivery, but, instead, that $50,000, with all accrued interest, should be paid upon delivery of the bonds, the balance to be paid in installments ranging from $50,000 to $150,000 every 6 months over a period of 72 months; that the Richland State Bank, of Rayville, La., be designated by the police jury as the depository of the proceeds of the sale, and issue to the parish noninterest-bearing time certificates of deposit, corresponding to the dates on which the various installments were payable; that the proceeds of the bonds over and above the $50,000 cash payment should be deposited by the Richland bank with Caldwell & Co., or an approved bank in Tennessee, which should issue to the Richland bank noninterest-bearing time certificates of deposits, corresponding with those issued by the last-named bank to the parish of Richland. This agreement was carried out, and the police jury received the face value of the bonds in installments as stipulated. The certificates of deposit were well secured, and the good faith of Caldwell & Co. is not questioned. The parish of Richland having paid interest on the entire bond issue from the date of delivery of the bonds, the police jury brought this suit on behalf of that parish to recover the interest on each installment from the time all the bonds were delivered until it was paid for. The District Judge upheld the contract as made, and dismissed the suit.

Article 281, § 1, of the Constitution of Louisiana, provides that bonds such as these shall not bear a greater rate of interest than 5 per cent. per annum, or be sold for less than par. Section 6 of Act 30 of 1917 of the Louisiana Legislature authorizes the proceeds of road bonds to be deposited in some designated bank to act as fiscal agent, "the said fiscal agent to pay no interest for the deposit as part of the consideration for the purchase of the bonds.". It is argued with much force that the effect of the agreement between the police jury and Caldwell & Co. was to sell the bonds for less than par, in violation of the constitutional provision just above referred to, and that the statute is invalid, because it also has the same effect.

[1, 2] It is, of course, true that by the device of issuing time certificates of deposit, instead of paying cash, the purchaser of the bonds received interest on bonds which had not been paid for. The Constitution does not require the payment of interest by the fiscal agent or bank of deposit. The provision of the act of 1917, above mentioned, which permits deposits of road funds without interest, has appeared in substance in previous acts of the Louisiana Legislature, and does not appear to have been held invalid by the Supreme Court of that state, and we should hesitate long before declaring it unconstitutional.

In this case we are of opinion that the question whether the contract or statute is in violation of the Constitution is immaterial. That question would doubtless be an important one, if the contract for the sale and purchase of bonds were executory. But here the contract has been fully and completely performed. If it were between individuals, they would be estopped to attack it as invalid. In our opinion, the parish, having received the benefits of the contract, is estopped to escape its burdens. In order to recover unearned interest, it would be obliged to return the proceeds of the bonds it had received, and that it does not offer to do. The contract will have to be enforced as the parties made it. It cannot be assumed that Caldwell & Co. would have accepted the bonds upon any other terms than those agreed upon. In Louisiana the doctrine of estoppel applies to the state and its subdivisions, to the full extent that it does to individuals. State v. Cockrem, 25 La. Ann. 356; State v. Taylor, 28 La. Ann. 460; State v. Ober, 34 La. Ann. 359; State v. New Orleans, etc., R. Co., 104 La. 685, 29 So. 312; Gilmore v. Schenck, 115 La. 386, 39 So. 40; Clark v. City of Opelousas, 147 La. 1, 84 So. 433.

The judgment is affirmed.